IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARY LYNNE VETRANO,

  Plaintiff,

v.                                                          Case No. _____

JAMES MARTIN, RYDER SYSTEM, INC.,
RYDER TRUCK RENTAL, INC. AND
CLEAN HARBORS ENVIRONMENTAL
SERVICES, INC.,

  Defendants.

## NOTICE OF REMOVAL

Defendant James Martin ("James Martin"), by counsel, with the consent of Ryder System, Inc., Ryder Truck Rental, Inc., and Clean Harbors Environmental Services, Inc., hereby files this Notice of Removal pursuant to 28 U.S.C. § 1441(a) and § 1332 to remove this action from the Superior Court District of Columbia to the United States District Court for the District of Columbia.

As addressed below, this Court has original jurisdiction over this civil action under 28 U.S.C. § 1332, as there is complete diversity of citizenship among the parties, and it is plain that the plaintiff Mary Lynne Vetrano ("Plaintiff") seeks more than $75,000.00, exclusive of interest and costs, for her alleged injuries. In further support of this Notice of Removal, James Martin states as follows:

### INTRODUCTION

1.    Plaintiff initiated this action by filing her Complaint in the Superior Court of the District of Columbia ("Superior Court") on January 29, 2025. The Superior Court action was assigned case number 2025-CAB-000529.

2. Plaintiff's initial Complaint named James Martin, Ryder System, Inc., Ryder Truck Rental, Inc., and Clean Harbors Environmental Services, Inc. as defendants. Ryder System, Inc. and Ryder Truck Rental, Inc. filed their answer in the Superior Court on March 14, 2025. Clean Harbors Environmental Services, Inc. filed an answer in the Superior Court on March 11, 2025. James Martin filed an answer in the Superior Court on April 3, 2025.

3. Plaintiff's Complaint alleges personal injuries resulting from a motor vehicle accident allegedly occurring on January 31, 2023 between Plaintiff's vehicle and the vehicle operated by James Martin (Complaint ¶¶ 10, 18, 22 & 27).

## GROUNDS FOR REMOVAL

I. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

A. <u>There is complete diversity among the parties.</u>

4. At all relevant times hereto, including at the time of filing of Plaintiff's Complaint in Superior Court and at the time of removal, there was and still is complete diversity among the parties, and removal is proper under 28 U.S.C. §1332(a)(1).

5. There is complete diversity because at all relevant times hereto, including at the time of filing of Plaintiff's Complaint in Superior Court and at the time of removal: (a) Plaintiff was and remains a citizen of the State of New Jersey (Complaint at ¶ 3); (b) James Martin was and remains a citizen of the State of Maryland (Complaint at ¶ 4); (c) Clean Harbors Environmental Services, Inc. was and remains a Massachusetts corporation that maintains its principal place of business in Massachusetts (Complaint at ¶ 6); and (d) Ryder System, Inc. and Ryder Truck Rental, Inc. were and remain Florida corporations organized under the laws of Florida that maintain their principal place of business in Florida (Complaint at ¶ 5).

B.     <u>Removal is timely and the amount in controversy exceeds $75,000.</u>

6. Pursuant to 28 U.S.C. § 1446(a), a true and legible copy of all process, pleadings, and orders served in the original state court action as of this date are attached as **Exhibit A**.

7. Removal is timely pursuant to 28 U.S.C. § 1446(c)(1) because this Notice of Removal is being filed less than one year after commencement of this action. Plaintiff filed this action in the Superior Court on January 29, 2025.

8. Removal is timely pursuant to 28 U.S.C. § 1446(b) because this Notice of Removal is being filed within thirty days of March 18, 2025, i.e., the date on which James Martin was served. *See* Affidavit of Process Server included in attached **Exhibit A**.

9. Pursuant to 28 U.S.C. § 1446(b)(2)(C), Ryder System, Inc., Ryder Truck Rental, Inc., and Clean Harbors Environmental Services, Inc., who previously filed answers in the Superior Court, have timely consented to removal of this matter insofar as they note their consent at the time this Notice has been filed. *See Moore v. Svehlak*, No. ELH-12-2727, 2013 WL 3683838, *14 (D. Md. July 11, 2013) (under existing Fourth Circuit precedent, the earlier served defendants have to "join or consent to the Notice of Removal at [the] later of (1) when it is filed; or (2) 30 days after the defendant was served with the Summons and Complaint.").

10. Although James Martin denies that Plaintiff is entitled to any award of damages, the amount in controversy requirement for diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) is satisfied in this case because Plaintiff demands judgment in the amount to be determined at trial but as stated by Plaintiff "believed to be in excess of one hundred thousand dollars" ($100,000.00) (Complaint p. 6).

3

C. <u>Venue and other requirements are satisfied.</u>

11. This Court has jurisdiction of this action by reason of diversity of citizenship pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(b). Venue for removal is proper in this District and Division, *see* 28 U.S.C. § 1441(a), because this District and Division embrace the Superior Court for the District of Columbia, the forum in which the removed action was pending. *See* 28 U.S.C. § 120. Thus, this Court is the proper venue for this action pursuant to 28 U.S.C. §1441(a).

12. None of the defendants are citizens of the District of Columbia where this action was brought. *See* 28 U.S.C. § 1441(b)(2).

13. Pursuant to 28 U.S.C. § 1446(d), James Martin filed a written notice of removal with the Superior Court in which this action is pending, a copy (without exhibits) of which is attached hereto as **Exhibit B**. A copy of this Notice of Removal is being served upon all counsel as required by 28 U.S.C. § 1446(d).

14. Pursuant to 28 U.S.C. § 1446 (b)(2) the undersigned hereby certifies that all defendants who have been properly joined and served join in and consent to the removal of this action. Please see consent attached hereto as **Exhibit C**.

15. By filing this Notice of Removal, James Martin does not waive any defenses, including without limitation, failure to state a claim, lack of personal jurisdiction, improper venue or forum, all defenses specified in Fed. R. Civ. P. 12, or any other defense.

16. If any question arises regarding the propriety of the removal of this action, James Martin respectfully requests the opportunity to present a memorandum and oral argument in support of the position that this case is removable and conduct discovery related to the facts that support removal.

WHEREFORE, James Martin, by counsel, respectfully requests that this Court remove this action from the Superior Court District of Columbia to the United States District Court for the District of Columbia.

**JAMES MARTIN**

By Counsel

/s/ Alison W. Feehan
Alison W. Feehan (D.C. Bar No. 444014)
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia  23255
804-747-5200 - Phone
804-747-6085 - Fax
afeehan@hccw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th of April 2025, the foregoing document was duly served by emailing and mailing a copy to the following attorney of record not yet participating in the CM/ECF system, in accordance with the provisions of Rule 5, Federal Rules of Civil Procedure:

>Christopher T. Nace, Esq.
>D.C. Bar No. 977865
>Paulson & Nace, PLLC
>1025 Thomas Jefferson
>Street, NW Suite 810
>Washington, DC 20007
>202-463-1999 - Phone
>202-223-6824 - Fax
>ctnace@paulsonandnace.com

>/s/ Alison W. Feehan
>Alison W. Feehan (D.C. Bar No. 444014)