Superior Court of the District of Columbia
Civil Division - Civil Actions Branch
500 Indiana Ave NW, Room 5000, Washington DC 20001
202-879-1133 | www.dccourts.gov

First Class Mail
U. S. Postage Paid
Washington, D.C.
Permit No. 1726

Christopher T Nace
Paulson & Nace PLLC
1025 Thomas Jefferson St NW Suite 810
Washington DC  20007

You are named in a lawsuit filed in the Superior Court of the District of Columbia. If you cannot appear at the hearing, please contact the Clerk's Office immediately for more information. If Plaintiff does not participate, the case may be dismissed. If Defendant does not participate, default or judgment may be entered.

For case information, please contact the Civil Actions Branch Clerk's Office by phone at 202-879-1133 or by live chat at https://www.dccourts.gov/services/civil-matters/requesting-over-10k.

To access your case information online, please visit www.dccourts.gov/services/cases-online.

**Case Caption:**   Mary Lynne Vetrano v. James Martin et al.

**To:**  Christopher T Nace                    **Case Number:**   2025-CAB-000529

### NOTICE OF REMOTE INITIAL SCHEDULING CONFERENCE

Your case is scheduled for a(n) **Remote Initial Scheduling Conference on 05/02/2025 at 9:30 AM in Remote Courtroom 517.**

The remote hearing will be held via Webex. To join the hearing, follow the below instructions.

**To Join by Computer, Tablet, or Smartphone:**
1) Copy and Paste or Type the link into a web browser and enter the Webex Meeting ID listed below.

Link: dccourts.webex.com/meet/ctb517

Meeting ID: 129 911 6415

2) Click "**Join Meeting**". You may be placed in the lobby until the courtroom clerk gives you access to the hearing.

**OR To Join by Phone:**
1) Call 202-860-2110 (local) or 844-992-4726 (toll-free)
Enter the Webex Meeting ID shown above followed by "##"

**Resources and Contact Information:**
1) For best practices on how to participate in Webex Meetings, click here www.webex.com/learn/best-practices.html.
2) For technical issues or questions, call the Information Technology Division at 202-879-1928 and select option 2.
3) For case questions, call the Civil Actions Branch at 202-879-1133.
4) To change your method of hearing participation, visit www.dccourts.gov/hearing-information for instructions and forms.

**Persons with Disabilities:**

If you have a disability as defined by the American Disabilities Act (ADA) and you require an accommodation, please call (202) 879-1700 or email ADACoordinator@dcsc.gov. The D.C. Courts does not provide transportation service.


**Interpreting and Translation Services:**

The D.C. Courts offers free language access services to people having business with the court who are deaf or who are non-English speakers. Parties to a case may request free translations of court orders and other court documents. To ask for an interpreter or translation, please contact the Clerk's Office at the telephone number at the top of the first page of this notice. For more information, visit https://www.dccourts.gov/language-access.


Language access is important to the D.C. Courts. You can provide feedback on language services by visiting https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.


**Servicios de interpretación y traducción:**


Los Tribunales del Distrito de Columbia ofrecen servicios gratuitos de acceso al idioma a las personas sordas o que no hablan inglés que tienen asuntos que atender en el tribunal. Las partes de un caso pueden solicitar traducciones gratuitas de las órdenes judiciales y otros documentos del tribunal. Para solicitar un intérprete o una traducción, póngase en contacto con la Secretaría en el número de teléfono que figura en la parte superior de la primera página de este anuncio. Para más información, visite https://www.dccourts.gov/language-access.


El acceso al idioma es importante para los Tribunales del Distrito de Columbia. Puede dar su opinión sobre los servicios de idiomas visitando https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.


**የቃልና የጽሑፍ ትርጓሜ አገልግሎቶች:**


የዲ.ሲ ፍርድ ቤቶች መስማት ለተሳናቸውና የእንግሊዝኛ ቋንቋ ተናጋሪ ላልሆኑ በፍርድ ቤቱ ጉዳይ ላላቸው ሰዎች ነጻ የቋንቋ ተደራሽነት አገልግሎች ያቀርባል። ተከራካሪ ወገኖች የፍርድ ቤት ትእዛዞችና ሌሎች የፍርድ ቤት ሰነዶች በነጻ እንዲተረጎምላቸው መጠየቅ ይችላሉ። አስተርጓሚ ወይም የጽሑፍ ትርጉም ለመጠየቅ፣ እባክዎን በዚህ ደብዳቤ የመጀመሪያ ገጽ እናት ላይ በተቀመጠጠው ስልክ ቁጥር የፍርድ ቤቱን መዝገብ ቤት ቢሮን ያናግሩ። እባክዎ መረጃ https://www.dccourts.gov/language-access ላይ ይሳብኙ።


የቋንቋ ተደራሽነት ለዲ.ሲ. ፍርድ ቤቶች አስፈላጊ ነው። የቋንቋ አገልግሎቶች በተመለከተ አስተያየትዎን https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access በመሳብኘት መስጠት ይችላሉ።



Superior Court of the District of Columbia
Civil Division - Civil Actions Branch
500 Indiana Ave NW, Room 5000, Washington DC 20001
202-879-1133 | www.dccourts.gov

First Class Mail
U. S. Postage Paid
Washington, D.C.
Permit No. 1726

Alison Wright Feehan
Harman Claytor Corrigan & Wellman
1900 Duke Street Suite 210
Alexandria VA  22314

You are named in a lawsuit filed in the Superior Court of the District of Columbia. If you cannot appear at the hearing, please contact the Clerk's Office immediately for more information. If Plaintiff does not participate, the case may be dismissed. If Defendant does not participate, default or judgment may be entered.

For case information, please contact the Civil Actions Branch Clerk's Office by phone at 202-879-1133 or by live chat at https://www.dccourts.gov/services/civil-matters/requesting-over-10k.

To access your case information online, please visit www.dccourts.gov/services/cases-online.

**Case Caption:**  Mary Lynne Vetrano v. James Martin et al.

**To:**  Alison Wright Feehan                    **Case Number:**  2025-CAB-000529

### NOTICE OF REMOTE INITIAL SCHEDULING CONFERENCE

Your case is scheduled for a(n) Remote Initial Scheduling Conference on **05/02/2025** at **9:30 AM** in **Remote Courtroom 517.**

The remote hearing will be held via Webex. To join the hearing, follow the below instructions.

**To Join by Computer, Tablet, or Smartphone:**
1) Copy and Paste or Type the link into a web browser and enter the Webex Meeting ID listed below.

   Link: dccourts.webex.com/meet/ctb517

   Meeting ID: 129 911 6415

2) Click "**Join Meeting**". You may be placed in the lobby until the courtroom clerk gives you access to the hearing.

**OR To Join by Phone:**
1) Call 202-860-2110 (local) or 844-992-4726 (toll-free)
   Enter the Webex Meeting ID shown above followed by "##"

**Resources and Contact Information:**
1) For best practices on how to participate in Webex Meetings, click here www.webex.com/learn/best-practices.html.
2) For technical issues or questions, call the Information Technology Division at 202-879-1928 and select option 2.
3) For case questions, call the Civil Actions Branch at 202-879-1133.
4) To change your method of hearing participation, visit www.dccourts.gov/hearing-information for instructions and forms.

**Accessibility and Language Access Information for Superior Court**

**Persons with Disabilities:**

If you have a disability as defined by the American Disabilities Act (ADA) and you require an accommodation, please call (202) 879-1700 or email ADACoordinator@dcsc.gov. The D.C. Courts does not provide transportation service.

**Interpreting and Translation Services:**

The D.C. Courts offers free language access services to people having business with the court who are deaf or who are non-English speakers. Parties to a case may request free translations of court orders and other court documents. To ask for an interpreter or translation, please contact the Clerk's Office at the telephone number at the top of the first page of this notice. For more information, visit https://www.dccourts.gov/language-access.

Language access is important to the D.C. Courts. You can provide feedback on language services by visiting https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

**Servicios de Interpretación y traducción:**

Los Tribunales del Distrito de Columbia ofrecen servicios gratuitos de acceso al idioma a las personas sordas o que no hablan inglés que tienen asuntos que atender en el tribunal. Las partes de un caso pueden solicitar traducciones gratuitas de las órdenes judiciales y otros documentos del tribunal. Para solicitar un intérprete o una traducción, póngase en contacto con la Secretaría en el número de teléfono que figura en la parte superior de la primera página de este anuncio. Para más información, visite https://www.dccourts.gov/language-access.

El acceso al idioma es importante para los Tribunales del Distrito de Columbia. Puede dar su opinión sobre los servicios de idiomas visitando https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

**የቃልና የጽሑፍ ትርጓሜ አገልግሎቶች፦**

የዲ.ሲ ፍርድ ቤቶች መስማት ለተሳናቸውና የእንግሊዝኛ ቋንቋ ተናጋሪ ላልሆኑ በፍርድ ቤቱ ጉዳይ ላላቸው ሰዎች ነጻ የቋንቋ ተደራሽነት አገልግሎቶች ያቀርባሉ። ተከራካሪ ወገኖች የፍርድ ቤት ትእዛዞችና ሌሎች የፍርድ ቤት ሰነዶች በነጻ እንዲተረጎምላቸው መጠየቅ ይችላሉ። አስተርጓሚ ወይም የጽሑፍ ትርጉም ለመጠየቅ፣ እባክዎን በዚህ ደብዳቤ የመጀመሪያ ገጽ አናት ላይ በተቀመጠው ስልክ ቁጥር የፍርድ ቤቱን መዝገብ ቤት ቢሮን ያናግሩ። ለበለጠ መረጃ https://www.dccourts.gov/language-access ላይ ይጎብኙ።

የቋንቋ ተደራሽነት ለዲ.ሲ. ፍርድ ቤቶች አስፈላጊ ነው። የቋንቋ አገልግሎቶች በተመለከተ አስተያየትዎን https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access በመጎብኘት መስጠት ይችላሉ።

eFiled
4/3/2025 12:49:15 PM
Superior Court
of the District of Columbia

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

MARY LYNNE VETRANO,

    Plaintiff,

v.

                                    Case No. 2025-CAB-000529
                                    Judge: Leslie A. Meek
                                    Next Court Date: May 2, 2025
                                    Event: Initial Hearing

JAMES MARTIN, RYDER SYSTEM, INC.,
RYDER TRUCK RENTAL, INC. AND
CLEAN HARBORS ENVIRONMENTAL
SERVICES, INC.,

    Defendants.

## ANSWER

      Defendant James Martin, by counsel, states as follows for his Answer to Plaintiff's Complaint:

## JURISDICTION

    1.      Paragraph 1 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 1 are therefore denied.

    2.      Paragraph 2 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 2 are therefore denied.

## PARTIES

    3.      Defendant is without sufficient information or knowledge to admit or deny the allegations in Paragraph 3 of the Complaint and therefore denies these allegations, subject to further investigation and discovery.

4.      Defendant admits the allegations in Paragraph 4 of the Complaint.

5.      Defendant is without sufficient information or knowledge to admit or deny the allegations in Paragraph 5 of the Complaint and therefore denies these allegations, subject to further investigation and discovery.

6.      Defendant is without sufficient information or knowledge to admit or deny the allegations in Paragraph 6 of the Complaint and therefore denies these allegations, subject to further investigation and discovery.

## **BACKGROUND**

7.      Defendant admits that he operated a commercial box truck for Clean Harbors Environmental Services, Inc. on January 31, 2023. Defendant is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 7 of the Complaint and therefore denies these allegations, subject to further investigation and discovery.

8.      Defendant admits that he operated a commercial box truck in the scope of his employment for Clean Harbors Environmental Services, Inc.   Defendant is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 8 of the Complaint and therefore denies these allegations, subject to further investigation and discovery.

9.      Defendant is without sufficient information or knowledge to admit or deny the allegations in Paragraph 9 of Plaintiff's Complaint and therefore denies these allegations, subject to further investigation and discovery.

10.     Defendant denies the allegations in Paragraph 10 of Plaintiff's Complaint.

11.     The allegations of Paragraph 11 of the Complaint constitute legal conclusions to which no response is required. To the extent further response is required, the allegations of Paragraph 11 of the Complaint are therefore denied in the manner and form alleged.

12.      The allegations of Paragraph 12 of the Complaint constitute legal conclusions to which no response is required. To the extent further response is required, the allegations of Paragraph 12 of the Complaint are therefore denied in the manner and form alleged.

13.      Defendant is without sufficient information or knowledge to admit or deny the allegations in Paragraph 13 of Plaintiff's Complaint and therefore denies these allegations, subject to further investigation and discovery.

## COUNT I
### (Negligence)

14.      Defendant ratifies, incorporates, and restates the foregoing paragraphs as if fully set forth herein.

15.      The allegations of Paragraph 15 of the Complaint, including all subparts, constitute legal conclusions to which no response is required. To the extent further response is required, the allegations of Paragraph 15 of the Complaint, including all subparts, are therefore denied in the manner and form alleged.

16.      The allegations of Paragraph 16 of the Complaint constitute legal conclusions to which no response is required. To the extent further response is required, the allegations of Paragraph 16 of the Complaint are therefore denied in the manner and form alleged.

17.      The allegations of Paragraph 17 of the Complaint constitute legal conclusions to which no response is required. To the extent further response is required, the allegations in Paragraph 17 of the Complaint are therefore denied in the manner and form alleged.

18.      The allegations in Paragraph 18 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 18 of the Complaint are therefore denied. By way of further response, Defendant denies Plaintiff's alleged injuries were proximately caused by Defendant and Defendant denies that

3

Plaintiff was injured to any extent or to the nature and extent alleged in Paragraph 18 of the Complaint.

## COUNT II
### (Negligence, Common Carrier)

19.     Defendant ratifies, incorporates, and restates the foregoing paragraphs as if fully set forth herein.

20.     Defendant states that the allegations of Paragraph 20 of the Complaint constitute legal conclusions to which no response is required. To the extent further response is required, the allegations of Paragraph 20 of the Complaint are therefore denied in the manner and form alleged.

21.     The allegations of Paragraph 21 of the Complaint, including all subparts, constitute legal conclusions to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 21 of the Complaint, including all subparts.

22.     The allegations of Paragraph 22 of the Complaint constitute legal conclusions to which no response is required.  To the extent further response is required, the allegations in Paragraph 22 are therefore denied in the manner and form alleged. By way of further response, Defendant denies Plaintiff's alleged injuries were proximately caused by Defendant and Defendant denies that Plaintiff was injured to any extent or to the nature and extent alleged in Paragraph 22.

23.     The allegations of Paragraph 23 of the Complaint constitute legal conclusions to which no response is required. To the extent further response is required, the allegations of Paragraph 23 of the Complaint are therefore denied in the manner and form alleged.

4

## COUNT III
### (Negligent Retention, Entrustment, and Supervision for Ryder Defendants)

24.     Defendant ratifies, incorporates, and restates the foregoing paragraphs as if fully set forth herein.

25.     Defendant states that the allegations of Paragraph 25 of the Complaint constitute legal conclusions to which no response is required. To the extent further response is required, the allegations of Paragraph 25 of the Complaint are therefore denied in the manner and form alleged.

26.     The allegations of Paragraph 26 of the Complaint constitute legal conclusions to which no response is required. To the extent further response is required, the allegations of Paragraph 26 of the Complaint are therefore denied in the manner and form alleged.

27.     The allegations of Paragraph 27 of the Complaint constitute legal conclusions to which no response is required.  To the extent further response is required, the allegations in Paragraph 27 are therefore denied in the manner and form alleged.  By way of further response, Defendant denies Plaintiff's alleged injuries were proximately caused by Defendant and Defendant denies that Plaintiff was injured to any extent or to the nature and extent alleged in Paragraph 27.

28.     To the extent Plaintiff's "WHEREFORE" clause contains any allegations of fact, all such allegations are denied.  By way of further response, Defendant denies that Plaintiff is entitled to the relief requested in the "WHEREFORE" clause of the Complaint or any other relief.

### AFFIRMATIVE DEFENSES

29.     Defendant denies all allegations contained in the Complaint not specifically admitted herein.

30.     Defendant denies that he is liable to the Plaintiff in any amount, for any cause whatsoever.

31.     Defendant denies that he committed any act of negligence that was a proximate cause of Plaintiff's alleged injuries or damages.

32.     Defendant denies that Plaintiff has been damaged in the amount and to the extent alleged in the Complaint.

33.     To the extent demonstrated by the evidence, Defendant avers that Plaintiff was guilty of negligence proximately causing or efficiently contributing to the incident sued upon.

34.     To the extent demonstrated by the evidence, Defendant avers that Plaintiff assumed the risk of injury at the time of the incident sued upon.

35.     Defendant reserves the right to rely upon any and all other properly provable defenses to this action that are revealed through investigation, discovery, or at trial, and reserves the right to amend its Answer

WHEREFORE for the foregoing reasons, Defendant James Martin, by counsel, respectfully requests that this Court dismiss this case with prejudice, award him the costs incurred in defending this suit, and for any further relief the Court deems just and proper.

**JURY TRIAL DEMANDED**.

**JAMES MARTIN**

By Counsel

/s/ Alison W. Feehan
Alison W. Feehan (D.C. Bar No. 444014)
Harman, Claytor, Corrigan & Wellman

P.O. Box 70280
Richmond, Virginia 23255
804-747-5200 - Phone
804-747-6085 - Fax
afeehan@hccw.com

## C E R T I F I C A T E

I hereby certify that on this 3rd day of April 2025, I electronically filed the foregoing with the Clerk of Court using eFileDC, which will send notification of such filing to the following:

> Christopher T. Nace, Esq.
> D.C. Bar No. 977865
> Paulson & Nace, PLLC
> 1025 Thomas Jefferson Street, NW
> Suite 810
> Washington, DC 20007
> 202-463-1999 - Phone
> 202-223-6824 - Fax
> ctnace@paulsonandnace.com

> /s/ Alison W. Feehan
> Alison W. Feehan (D.C. Bar No. 444014)

Case 1:25-cv-01166-TSC    Document 1-1    Filed 04/17/25    Page 14 of 47    eFiled
3/25/2025 12:17:16 PM
Superior Court
of the District of Columbia

# AFFIDAVIT OF PROCESS SERVER

### Superior Court of the District of Columbia
### Civil Division
### Civil Actions Branch

**Mary Lynne Vetrano**

    Plaintiff(s),

VS.

**James Martin, et al.**

    Defendant(s).

Attorney: Christopher T. Nace, Esq.

Paulson & Nace, PLLC
1025 Thomas Jefferson St., NW, #810
Washington DC 20007



*332310*

**Case Number: 2025-CAB-000529**

Legal documents received on 03/11/2025 at 11:31 AM to be served upon **James Martin, by serving District of Columbia Department of Motor Vehicles at 95 M St., SW, 3rd Fl., Washington, DC 20024.**

I, **Myesha Joseph**, swear and affirm that on **March 18, 2025 at 11:28 AM**, I did the following:

Served **James Martin, by serving District of Columbia Department of Motor Vehicles** by delivering a conformed copy of the **Cover Letter dated February 13, 2025; Summons (English and Spanish Version); Complaint; Civil Information Sheet; Notice of Remote Initial Scheduling Conference; Initial Order; $2.00 Check (Made Payable to DC Treasurer)** to **Pamela Washington as General Counsel & Authorized Agent of James Martin, by serving District of Columbia Department of Motor Vehicles at 95 M St., SW, 3rd Fl., Washington, DC 20024.**

**Description of Person Accepting Service:**
Sex: Female Age: 50-60 Height: 5ft4in-5ft8in Weight: 161-200 lbs Skin Color: Light Brown Hair Color: Brown

**Supplemental Data Appropriate to this Service:**

I declare under penalty of perjury that the foregoing information contained in this affidavit is true and correct and that I am a professional process server over the age of 18 and have no interest in the above legal matter.

Sworn to and subscribed before me on

March     20th, 2025

X _____

Notary Public

**Kieran Bryce Monahan**
**Notary Public, District of Columbia**
**My Commission Expires 04/30/2029**

**Myesha Joseph**
**Process Server**
**Same Day Process Service, Inc.**
**1413 K St., NW, 7th Floor**
**Washington DC 20005**
**(202)-398-4200**
**info@samedayprocess.com**

Internal Job
ID:332310



eFiled
3/14/2025 4:16:26 PM
Superior Court
of the District of Columbia

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

MARY LYNNE VETRANO,

    Plaintiff,

v.

JAMES MARTIN, RYDER SYSTEM, INC.,
RYDER TRUCK RENTAL, INC. AND
CLEAN HARBORS ENVIRONMENTAL
SERVICES, INC.,

    Defendants.

Case No. 2025-CAB-000529
Judge: Leslie A. Meek
Next Court Date: May 2, 2025
Event: Initial Hearing

## ANSWER

Defendants Ryder System, Inc. and Ryder Truck Rental, Inc. (collectively "Ryder defendants"), by counsel, states as follows for their Answer to Plaintiff's Complaint:

## JURISDICTION

1.    Paragraph 1 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 1 are therefore denied.

2.    Paragraph 2 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 2 are therefore denied.

## PARTIES

3.    Ryder defendants are without sufficient information or knowledge to admit or deny the allegations in Paragraph 3 of the Complaint and therefore deny these allegations, subject to further investigation and discovery.

4.      Ryder defendants are without sufficient information or knowledge to admit or deny the allegations in Paragraph 4 of the Complaint and therefore deny these allegations, subject to further investigation and discovery.

5.      Ryder defendants admit the allegations in Paragraph 5 of the Complaint.

6.      Ryder defendants are without sufficient information or knowledge to admit or deny the allegations in Paragraph 6 of the Complaint and therefore deny these allegations, subject to further investigation and discovery.

## **BACKGROUND**

7.      Ryder defendants admit that Ryder Truck Rental, Inc. leased a commercial box truck to Clean Harbors Environmental Services, Inc.   Ryder defendants are without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 7 of the Complaint and therefore deny these allegations, subject to further investigation and discovery.

8.      Ryder defendants admit that Ryder Truck Rental, Inc. leased a commercial box truck to Clean Harbors Environmental Services, Inc.  Ryder defendants deny that James Martin was an employee or acting under their authority.  Ryder defendants are without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 8 of the Complaint and therefore deny these allegations, subject to further investigation and discovery.

9.      Ryder defendants are without sufficient information or knowledge to admit or deny the allegations in Paragraph 9 of Plaintiff's Complaint and therefore deny these allegations, subject to further investigation and discovery.

10.      Ryder defendants are without sufficient information or knowledge to admit or deny the allegations in Paragraph 10 of Plaintiff's Complaint and therefore deny these allegations, subject to further investigation and discovery.

11.     The allegations of Paragraph 11 of the Complaint constitute legal conclusions to which no response is required. To the extent further response is required, the allegations of Paragraph 11 of the Complaint are therefore denied in the manner and form alleged.

12.     The allegations of Paragraph 12 of the Complaint constitute legal conclusions to which no response is required. To the extent further response is required, the allegations of Paragraph 12 of the Complaint are therefore denied in the manner and form alleged.

13.     Ryder defendants are without sufficient information or knowledge to admit or deny the allegations in Paragraph 13 of Plaintiff's Complaint and therefore deny these allegations, subject to further investigation and discovery.

**COUNT I**
**(Negligence)**

14.     Ryder defendants ratify, incorporate, and restate the foregoing paragraphs as if fully set forth herein.

15.     The allegations of Paragraph 15 of the Complaint, including all subparts, constitute legal conclusions to which no response is required. To the extent further response is required, the allegations of Paragraph 15 of the Complaint, including all subparts, are therefore denied in the manner and form alleged.

16.     The allegations of Paragraph 16 of the Complaint constitute legal conclusions to which no response is required. To the extent further response is required, the allegations of Paragraph 16 of the Complaint are therefore denied in the manner and form alleged.

17.     Ryder defendants deny that James Martin was their agent. Answering further, the allegations of Paragraph 17 of the Complaint constitute legal conclusions to which no response is required. To the extent further response is required, the allegations in Paragraph 17 of the Complaint are therefore denied in the manner and form alleged.

3

18.     The allegations in Paragraph 18 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 18 of the Complaint are therefore denied. By way of further response, Ryder defendants deny Plaintiff's alleged injuries were proximately caused by Ryder defendants or any of their agents or employees.

**COUNT II**
**(Negligence, Common Carrier)**

19.     Ryder defendants ratify, incorporate, and restate the foregoing paragraphs as if fully set forth herein.

20.     Ryder defendants state that the allegations of Paragraph 20 of the Complaint constitute legal conclusions to which no response is required. To the extent further response is required, the allegations of Paragraph 20 of the Complaint are therefore denied in the manner and form alleged.

21.     The allegations of Paragraph 21 of the Complaint, including all subparts, constitute legal conclusions to which no response is required. To the extent further response is required, Ryder defendants are without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 21 of the Complaint and therefore deny these allegations, including all subparts, subject to further investigation and discovery.

22.     The allegations of Paragraph 22 of the Complaint constitute legal conclusions to which no response is required. To the extent further response is required, the allegations in Paragraph 22 are therefore denied in the manner and form alleged. By way of further response, Ryder defendants deny Plaintiff's alleged injuries were proximately caused by Ryder defendants or any of their agents or employees.

23.     Ryder defendants deny that James Martin was their agent. Answering further, the allegations of Paragraph 23 of the Complaint constitute legal conclusions to which no response is required. To the extent further response is required, the allegations of Paragraph 23 of the Complaint are therefore denied in the manner and form alleged.

## COUNT III
### (Negligent Retention, Entrustment, and Supervision for Ryder Defendants)

24.     Ryder defendants ratify, incorporate, and restate the foregoing paragraphs as if fully set forth herein.

25.     Ryder defendants state that the allegations of Paragraph 25 of the Complaint constitute legal conclusions to which no response is required. To the extent further response is required, the allegations of Paragraph 25 of the Complaint are therefore denied in the manner and form alleged.

26.     Ryder defendants deny that James Martin was their agent, employee and/or servant. Answering further, the allegations of Paragraph 26 of the Complaint constitute legal conclusions to which no response is required. To the extent further response is required, the allegations of Paragraph 26 of the Complaint are therefore denied in the manner and form alleged.

27.     The allegations of Paragraph 27 of the Complaint constitute legal conclusions to which no response is required. To the extent further response is required, the allegations in Paragraph 27 are therefore denied in the manner and form alleged. By way of further response, Ryder defendants deny Plaintiff's alleged injuries were proximately caused by Ryder defendants or any of their agents or employees.

28.     To the extent Plaintiff's "WHEREFORE" clause contains any allegations of fact, all such allegations are denied. By way of further response, Ryder defendants deny that Plaintiff is entitled to the relief requested in the "WHEREFORE" clause of the Complaint or any other relief.

## AFFIRMATIVE DEFENSES

29.     Ryder defendants deny all allegations contained in the Complaint not specifically admitted herein.

30.     Ryder defendants deny that they are liable to the Plaintiff in any amount, for any cause whatsoever.

31.     Ryder defendants deny James Martin was their agent and/or employee at the time of the accident or at any other time.

32.     Ryder defendants aver that as a mere lessor of the subject vehicle, they cannot be held liable for the subject accident pursuant to the "Graves Amendment," 49 U.S.C. § 30106.

33.     Ryder defendants deny that they or their agents or employees committed any act of negligence that was a proximate cause of Plaintiff's alleged injuries or damages.

34.     Ryder defendants deny that Plaintiff has been damaged in the amount and to the extent alleged in the Complaint.

35.     To the extent demonstrated by the evidence, Ryder defendants aver that Plaintiff was guilty of negligence proximately causing or efficiently contributing to the incident sued upon.

36.     To the extent demonstrated by the evidence, Ryder defendants aver that Plaintiff assumed the risk of injury at the time of the incident sued upon.

37.     Ryder defendants reserve the right to rely upon any and all other properly provable defenses to this action that are revealed through investigation, discovery, or at trial, and reserves the right to amend its Answer.

WHEREFORE for the foregoing reasons, defendants Ryder System, Inc. and Ryder Truck Rental, Inc., by counsel, respectfully request that this Court dismiss this case with prejudice, award them the costs incurred in defending this suit, and for any further relief the Court deems just and proper.

**JURY TRIAL DEMANDED.**

                                        **RYDER SYSTEM, INC.**
                                        **RYDER TRUCK RENTAL, INC.**

                                        By Counsel

/s/ Alison W. Feehan
Alison W. Feehan (D.C. Bar No. 444014)
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
804-747-5200 - Phone
804-747-6085 - Fax
afeehan@hccw.com

## C E R T I F I C A T E

I hereby certify that on this 14th day of March, 2025, I electronically filed the foregoing with the Clerk of Court using eFileDC, which will send notification of such filing to the following:

                Christopher T. Nace, Esq.
                D.C. Bar No. 977865
                Paulson & Nace, PLLC
                1025 Thomas Jefferson Street, NW
                Suite 810
                Washington, DC 20007
                202-463-1999 - Phone
                202-223-6824 - Fax
                ctnace@paulsonandnace.com

/s/ Alison W. Feehan
Alison W. Feehan (D.C. Bar No. 444014)

eFiled
3/11/2025 1:05:50 PM
Superior Court
of the District of Columbia

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

MARY LYNNE VETRANO,

    Plaintiff,

v.

                                 Case No. 2025-CAB-000529
                                 Judge: Leslie A. Meek
                                 Next Court Date: May 2, 2025
                                 Event: Initial Hearing

JAMES MARTIN, RYDER SYSTEM, INC.,
RYDER TRUCK RENTAL, INC. AND
CLEAN HARBORS ENVIRONMENTAL
SERVICES, INC.,

    Defendants.

## ANSWER

      Defendant Clean Harbors Environmental Services, Inc., by counsel, states as follows for its Answer to Plaintiff's Complaint:

## JURISDICTION

    1.     Paragraph 1 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 1 are therefore denied.

    2.     Paragraph 2 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 2 are therefore denied.

## PARTIES

    3.     Defendant is without sufficient information or knowledge to admit or deny the allegations in Paragraph 3 of the Complaint and therefore denies these allegations, subject to further investigation and discovery.

4.      Defendant admits the allegations in Paragraph 4 of the Complaint on information and belief.

5.      Defendant is without sufficient information or knowledge to admit or deny the allegations in Paragraph 5 of the Complaint and therefore denies these allegations, subject to further investigation and discovery.

6.      Defendant admits the allegations in Paragraph 6 of the Complaint.

## **BACKGROUND**

7.      Defendant admits that James Martin was operating a commercial box truck on or about January 31, 2023, in the District of Columbia that Defendant leased from Ryder Truck Rental, Inc. Defendant denies the remaining allegations of Paragraph 7 of the Complaint.

8.      Defendant admits that James Martin operated a commercial box truck under Defendant's authority and within the scope of his employment with Defendant. Defendant denies the remaining allegations of Paragraph 8 of the Complaint.

9.      Defendant is without sufficient information or knowledge to admit or deny the allegations in Paragraph 9 of Plaintiff's Complaint and therefore denies these allegations, subject to further investigation and discovery.

10.     The allegations of Paragraph 10 of the Complaint constitute legal conclusions to which no response is required. To the extent further response is required, Defendant admits there was contact between Plaintiff's vehicle and the box truck. Defendant denies the remaining allegations in Paragraph 10 of the Complaint in the manner and form alleged.

11.     The allegations of Paragraph 11 of the Complaint constitute legal conclusions to which no response is required. To the extent further response is required, the allegations of Paragraph 11 of the Complaint are therefore denied in the manner and form alleged.

12.     The allegations of Paragraph 12 of the Complaint constitute legal conclusions to which no response is required. To the extent further response is required, the allegations of Paragraph 12 of the Complaint are therefore denied in the manner and form alleged.

13.     Defendant is without sufficient information or knowledge to admit or deny the allegations in Paragraph 13 of Plaintiff's Complaint and therefore denies these allegations, subject to further investigation and discovery.

## COUNT I
### (Negligence)

14.     Defendant ratifies, incorporates, and restates the foregoing paragraphs as if fully set forth herein.

15.     The allegations of Paragraph 15 of the Complaint, including all subparts, constitute legal conclusions to which no response is required. To the extent further response is required, the allegations of Paragraph 15 of the Complaint, including all subparts, are therefore denied in the manner and form alleged.

16.     The allegations of Paragraph 16 of the Complaint constitute legal conclusions to which no response is required. To the extent further response is required, the allegations of Paragraph 16 of the Complaint are therefore denied in the manner and form alleged.

17.     The allegations of Paragraph 17 of the Complaint constitute legal conclusions to which no response is required. To the extent further response is required, the allegations in Paragraph 17 of the Complaint are therefore denied in the manner and form alleged.

18.     The allegations in Paragraph 18 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 18 of the Complaint are therefore denied. By way of further response, Defendant denies Plaintiff's alleged injuries were proximately caused by Defendant or any of its agents or

3

employees and Defendant denies that Plaintiff was injured to any extent or to the nature and extent alleged in Paragraph 18 of the Complaint.

## COUNT II
### (Negligence, Common Carrier)

19.     Defendant ratifies, incorporates, and restates the foregoing paragraphs as if fully set forth herein.

20.     Defendant states that the allegations of Paragraph 20 of the Complaint constitute legal conclusions to which no response is required. To the extent further response is required, the allegations of Paragraph 20 of the Complaint are therefore denied in the manner and form alleged.

21.     The allegations of Paragraph 21 of the Complaint, including all subparts, constitute legal conclusions to which no response is required. To the extent further response is required, the allegations of Paragraph 21 of the Complaint, including all subparts, are therefore denied in the manner and form alleged.

22.     The allegations of Paragraph 22 of the Complaint constitute legal conclusions to which no response is required.  To the extent further response is required, the allegations in Paragraph 22 are therefore denied in the manner and form alleged.  By way of further response, Defendant denies Plaintiff's alleged injuries were proximately caused by Defendant or any of its agents or employees and Defendant denies that Plaintiff was injured to any extent or to the nature and extent alleged in Paragraph 22.

23.     The allegations of Paragraph 23 of the Complaint constitute legal conclusions to which no response is required. To the extent further response is required, the allegations of Paragraph 23 of the Complaint are therefore denied in the manner and form alleged.

4

## COUNT III
### (Negligent Retention, Entrustment, and Supervision for Ryder Defendants)

24.　　　Defendant ratifies, incorporates, and restates the foregoing paragraphs as if fully set forth herein.

25.　　　Defendant states that the allegations of Paragraph 25 of the Complaint constitute legal conclusions to which no response is required. To the extent further response is required, the allegations of Paragraph 25 of the Complaint are therefore denied in the manner and form alleged.

26.　　　The allegations of Paragraph 26 of the Complaint constitute legal conclusions to which no response is required. To the extent further response is required, the allegations of Paragraph 26 of the Complaint are therefore denied in the manner and form alleged.

27.　　　The allegations of Paragraph 27 of the Complaint constitute legal conclusions to which no response is required. To the extent further response is required, the allegations in Paragraph 27 are therefore denied in the manner and form alleged. By way of further response, Defendant denies Plaintiff's alleged injuries were proximately caused by Defendant or any of its agents or employees and Defendant denies that Plaintiff was injured to any extent or to the nature and extent alleged in Paragraph 27.

28.　　　To the extent Plaintiff's "WHEREFORE" clause contains any allegations of fact, all such allegations are denied. By way of further response, Defendant denies that Plaintiff is entitled to the relief requested in the "WHEREFORE" clause of the Complaint or any other relief.

### AFFIRMATIVE DEFENSES

29.　　　All allegations made in the Complaint that have not been expressly admitted in this Answer are denied.

30.     Defendant denies that Plaintiff is entitled to a judgment against it in any amount, for the reasons stated or for any reason.

31.     Defendant denies that any of its own alleged acts or omissions or breach of any duty, if such is proven, proximately caused any of Plaintiff's alleged injuries and damages.

32.     Defendant denies that any of its agents' or employees' alleged acts or omissions or breach of any duty, if such is proven, proximately caused any of Plaintiff's alleged injuries and damages.

33.     To the extent demonstrated by the evidence, Defendant avers that Plaintiff was himself guilty of negligence proximately causing or efficiently contributing to the incident sued upon.

34.     To the extent demonstrated by the evidence, Defendant avers that Plaintiff assumed the risk of injury at the time of the incident sued upon.

35.     Defendant reserves the right to rely upon any and all other properly provable defenses to this action that are revealed through investigation, discovery, or at trial, including no negligence, and reserves the right to amend its Answer

WHEREFORE for the foregoing reasons, Defendant Clean Harbors Environmental Services, Inc, by counsel, respectfully requests that this Court dismiss this case with prejudice, award it the costs incurred in defending this suit, and for any further relief the Court deems just and proper.

**JURY TRIAL DEMANDED.**

> **CLEAN HARBORS**
> **ENVIRONMENTAL SERVICES, INC.**
>
> By Counsel

/s/ Alison W. Feehan
Alison W. Feehan (D.C. Bar No. 444014)
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
804-747-5200 - Phone
804-747-6085 - Fax
afeehan@hccw.com

# CERTIFICATE

I hereby certify that on this 11th day of March, 2025, I electronically filed the foregoing with the Clerk of Court using eFileDC, which will send notification of such filing to the following:

Christopher T. Nace, Esq.
D.C. Bar No. 977865
Paulson & Nace, PLLC
1025 Thomas Jefferson Street, NW
Suite 810
Washington, DC 20007
202-463-1999 - Phone
202-223-6824 - Fax
ctnace@paulsonandnace.com

/s/ Alison W. Feehan
Alison W. Feehan (D.C. Bar No. 444014)



**Superior Court of the District of Columbia**
**Civil Division - Civil Actions Branch**
**500 Indiana Ave NW, Room 5000, Washington DC 20001**
**202-879-1133 | www.dccourts.gov**

**Case Number:** 2025-CAB-000529

**Case Style:** Mary Lynne Vetrano v. James Martin et al.

### INITIAL ORDER

| Initial Hearing Date: | Initial Hearing Time: | Courtroom Location: |
|---|---|---|
| Friday, 05/02/2025 | 9:30 AM | Remote Courtroom 517 |

**Please see attached instructions for remote participation.**

Your case is assigned to Associate Judge Leslie A Meek.

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby ORDERED as follows:

1) This case is assigned to the judge and calendar designated above. All future filings in this case shall bear the calendar number and judge's name along with the case number in the caption.

2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant of copies of the summons, the complaint, and this Initial Order. The court will dismiss the claims against any defendant for whom such proof of service has not been filed by this deadline, unless the court extended the time for service under Rule 4.

3) Within 21 days of service (unless otherwise provided in Rule 12), each defendant must respond to the complaint by filing an answer or other responsive pleading. The court may enter a default and a default judgment against any defendant who does not meet this deadline, unless the court extended the deadline under Rule 55(a).

4) At the time stated above, all counsel and unrepresented parties shall participate in a hearing to establish a schedule and discuss the possibilities of settlement. Counsel shall discuss with their clients before the hearing whether the clients are agreeable to binding or non-binding arbitration. This order is the only notice that parties and counsel will receive concerning this hearing.

5) If the date or time is inconvenient for any party or counsel, the Civil Actions Branch may continue the Conference once, with the consent of all parties, to either of the two succeeding days when the calendar is called. To reschedule the hearing, a party or lawyer may call the Branch at (202) 879-1133. Any such request must be made at least seven business days before the scheduled date. No other continuance will be granted except upon motion for good cause shown.

6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order.  Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Milton C. Lee, Jr.

**To Join by Computer, Tablet, or Smartphone:**

1) Copy and Paste or Type the link into a web browser and enter the Webex Meeting ID listed below.

    Link: dccourts.webex.com/meet/ctb517

    Meeting ID: 129 911 6415

2) When you are ready, click "Join Meeting".
3) You will be placed in the lobby until the courtroom clerk gives you access to the hearing.

**Or to Join by Phone:**

1) Call 202-860-2110 (local) or 844-992-4726 (toll-free)
2) Enter the Webex Meeting ID listed above followed by "##"

**Resources and Contact Information:**

1) For best practices on how to participate in Webex Meetings, click here https://www.webex.com/learn/best-practices.html.
2) For technical issues or questions, call the Information Technology Division at 202-879-1928 and select option 2.
3) For case questions, call the Civil Actions Branch Clerk's Office at 202-879-1133.
4) To change your method of hearing participation, visit www.dccourts.gov/hearing-information for instructions and forms.

## ACCESSIBILITY AND LANGUAGE ACCESS

### Persons with Disabilities:

If you have a disability as defined by the American Disabilities Act (ADA) and you require an accommodation, please call 202-879-1700 or email ADACoordinator@dcsc.gov. The D.C. Courts does not provide transportation service.

### Interpreting and Translation Services:

The D.C. Courts offers free language access services to people having business with the court who are deaf or who are non-English speakers. Parties to a case may request free translations of court orders and other court documents. To ask for an interpreter or translation, please contact the Clerk's Office listed for your case. For more information, visit https://www.dccourts.gov/language-access.

### Servicios de interpretación y traducción:

Los Tribunales del Distrito de Columbia ofrecen servicios gratuitos de acceso al idioma a las personas sordas o que no hablan inglés que tienen asuntos que atender en el tribunal. Las partes de un caso pueden solicitar traducciones gratuitas de las órdenes judiciales y otros documentos del tribunal. Para solicitar un intérprete o una traducción, póngase en contacto con la Secretaría de su caso.

Para más información, visite https://www.dccourts.gov/language-access.

El acceso al idioma es importante para los Tribunales del Distrito de Columbia. Puede dar su opinión sobre los servicios de idiomas visitando https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

### የቃልና የጽሑፍ ትርጓሜ አገልግሎቶች:

የዲ.ሲ. ፍርድ ቤቶች መስማት ለተሳናቸውና የእንግሊዝኛ ቋንቋ ተናጋሪ ላልሆኑ በፍርድ ቤቱ ጉዳይ ላላቸው ሰዎች ነጻ የሆነ ቋንቋ ተደራሽነት አገልግሎቶች ያቀርባል። ተከራካሪ ወገኖች የፍርድ ቤት ትእዛዞችና ሌሎች የፍርድ ቤት ሰነዶች በነጻ እንዲተረጎሙላቸው መጠየቅ ይችላሉ። የቃል ወይም የጽሑፍ ትርጓሜ ለመጠየቅ እባክዎን በመዝገብዎ የተዘረዘረውን የጽህፈት ቢሮ (ክለርክ'ስ አፈስ) ያናግሩ። ለተጨማሪ መረጃ https://www.dccourts.gov/language-access ይጎብኙ።

የቋንቋ ተደራሽነት ለዲ.ሲ. ፍርድ ቤቶች አስፈላጊ ነው። የቋንቋ አገልግሎቶች በተመለከተ አስተያየትዎን https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access በመጎብኘት መስጠት ይችላሉ።

# Tips for Attending Remote Hearings - Civil Division

*Your court hearing may be held remotely. This means that you will participate by phone or by video conference instead of coming to the courthouse. Here are some tips on how to prepare.*

## How do I know if I have a remote hearing?

The Court will contact you to tell you that your hearing is remote. They may contact you by sending you an email, letter in the mail, or by calling you.



## How do I take part in a remote hearing?

The Court will give you step-by-step instructions on how to take part in the remote hearing.

If you lose your written notice, call the Civil Actions Clerk's Office for instructions at:

📞 202-879-1133

## Is there anything that I should do before the day of the hearing?

- Let the court know immediately if you cannot join a hearing because you do not have a phone or computer.

  📞 Civil Actions Clerk's Office: 202-879-1133

- You may want to contact an attorney for legal help.
- You can also find the list of legal services providers at www.dccourts.gov/services/represent-yourself by clicking on the link that says, "List of Legal Service Providers for Those Seeking an Attorney or Legal Advice".
- Evidence: if you want the judge to review photos or documents, ask the judge how to submit your evidence.
- Witnesses: tell the judge if you want a witness to testify at your hearing.
- Accommodations & Language Access: let the court know if you need an interpreter or other accommodation for your hearing.

## Tips for the Hearing



- Join the hearing a few minutes early!
- Charge your computer or phone and make sure you have enough minutes to join the call. Find a private and quiet space. If possible, be alone in a room during the hearing. Try to limit distractions as much as possible. If others are in the room with you, ask if they can be quiet during the hearing.
- Mute your microphone when you are not talking. Mute all sounds on your phone or computer.
- Say your name before you speak so the record is clear. Be prepared to identify your role in the hearing (e.g. observer, plaintiff, defendant, witness, etc.).
- Speak slowly and clearly so everyone hears what you are saying.
- Pause before speaking in case there is a lag. Use a headset or headphones if you can. This will free up your hands and sound better.
- Try not to talk over anyone else. Only one person can speak at a time. If you talk while someone else is talking, the judge will not be able to hear you.
- Have all your documents for the hearing in front of you. Have a pen and paper to take notes.
- If you are not ready for your hearing or want to speak with an attorney, you can ask the judge to postpone your hearing for another date.
- If your sound or video freezes during the hearing, use the chat feature or call the Clerk's Office to let them know that you are having technical issues.

## Special Tips for Video Hearings (Click here for more information)



- Download the court's hearing software, WebEx, in advance and do a test run! The Court will provide you with a WebEx link in advance of the hearing.
- Set up the camera at eye level. If you are using your phone, prop it up so you can look at it without holding it.
- Look at the camera when you speak and avoid moving around on the video.
- Wear what you would normally wear to court.
- Sit in a well-lit room with no bright lights behind you.
- If possible, find a blank wall to sit in front of. Remember the judge will be able to see everything on your screen, so pick a location that is not distracting.



# District of Columbia Courts
# Tips for Using DC Courts Remote



The DC Courts have **remote hearing sites** available in various locations in the community to help persons who may not have computer devices or internet service at home to participate in scheduled remote hearings. The Courts are committed to enhancing access to justice for all.

There are six remote access sites throughout the community which will operate: **Monday – Friday, 8:30 am – 4:00 pm.**

### The remote site locations are:



| | |
|---|---|
| **Remote Site - 1**<br>Balance and Restorative Justice Center<br>1215 South Capitol Street, SW<br>Washington, DC 20003 | **Remote Site - 4**<br>Balance and Restorative Justice Center<br>920 Rhode Island Avenue, NE<br>Washington, DC 20018 |
| **Remote Site - 2**<br>Balance and Restorative Justice Center<br>1110 V Street, SE<br>Washington, DC 20020 | **Remote Site - 5**<br>Reeves Center<br>2000 14th Street, NW, 2nd Floor<br>Community Room<br>Washington, DC 20009 |
| **Remote Site - 3**<br>Balance and Restorative Justice Center<br>118 Q Street, NE<br>Washington, DC 20002 | **Remote Site - 6**<br>Reeves Center<br>2000 14th Street, NW, Suite 300N<br>Office of the Tenant Advocate<br>Washington, DC 20009<br>*** No walk-ins at this location*** |

If you want to use a remote site location for your hearing, call **202-879-1900** or email DCCourtsRemoteSites@dcsc.gov **at least 24 hours before your hearing to reserve a remote access computer station.** If you require special accommodations such as an interpreter for your hearing, please call **202-879-1900 at least 24 hours in advance of your hearing so the Courts can make arrangements.**

**\*You should bring the following items when you come to your scheduled site location\***

1. Your **case number** and any **hyperlinks** provided by the Courts for your scheduled hearing.
2. Any documents you need for the hearing (evidence), including exhibits, receipts, photos, contracts, etc.
3. Materials for notetaking, including pen and paper.

**\*Safety and security measures are in place at the remote sites.**

**Contact information to schedule your remote access computer station:**
Call: **202-879-1900**
Email: DCCourtsRemoteSites@dcsc.gov




# Tribunales del Distrito de Columbia
## Consejos para usar los sitios de audiencia remota de los Tribunales de DC

Los Tribunales de DC disponen de **sitios de audiencia remota** en distintos centros de la comunidad para ayudar a que las personas que no tienen dispositivos informáticos o servicio de Internet en su casa puedan participar en audiencias remotas programadas. Los Tribunales honran el compromiso de mejorar el acceso de toda la población a la justicia.

En toda la comunidad hay seis sitios de acceso remoto que funcionarán de **lunes a viernes, de 8:30 am a 4:00 pm**.

### Los centros de acceso remoto son:



**Sitio Remoto - 1**
Balance and Restorative Justice Center
1215 South Capitol Street, SW
Washington, DC 20003

**Sitio Remoto - 2**
Balance and Restorative Justice Center
1110 V Street, SE
Washington, DC 20020

**Sitio Remoto - 3**
Balance and Restorative Justice Center
118 Q Street, NE
Washington, DC 20002

**Sitio Remoto - 4**
Balance and Restorative Justice Center
920 Rhode Island Avenue, NE
Washington, DC 20018

**Sitio Remoto - 5**
Reeves Center
2000 14th Street, NW, 2nd Floor
Community Room
Washington, DC 20009

**Sitio Remoto - 6**
Reeves Center
2000 14th Street, NW, Suite 300N
Office of the Tenant Advocate
Washington, DC 20009
*No se puede entrar sin cita previa*

Si desea usar un sitio remoto para su audiencia, llame al **202-879-1900** o envíe un mensaje de correo electrónico a DCCourtsRemoteSites@dcsc.gov **al menos 24 horas antes de la audiencia, para reservar una estación de computadora de acceso remoto.** Si necesita adaptaciones especiales, como un intérprete para la audiencia, llame **al 202-879-1900 al menos 24 horas antes de la audiencia para que los Tribunales puedan hacer los arreglos necesarios.**

**\*Cuando concurra al sitio programado debe llevar los siguientes artículos\***

1. Su **número de caso** y todos los **hipervínculos** que le hayan proporcionado los Tribunales para la audiencia programada.

2. Cualquier documento que necesite para la audiencia (prueba), incluidos documentos probatorios, recibos, fotos, contratos, etc.

3. Materiales para tomar nota, como papel y lápiz.

**\*Los sitios de acceso remoto cuentan con medidas de seguridad y protección.**

**Información de contacto para programar su estación de computadora de acceso remoto:**
Teléfono: **202-879-1900**
Correo electrónico: DCCourtsRemoteSites@dcsc.gov

eFiled
1/29/2025 12:53:48 PM
Superior Court
of the District of Columbia

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

Civil Division

**MARY LYNNE VETRANO,**
616 9th Street
Somers Point, NJ 08244

       Plaintiff,

   *v.*

**JAMES MARTIN,**
4820 Curtis Ave Apt 3
Baltimore, MD 21226

~and~

**RYDER SYSTEM, INC.**
2333 Ponce de Leon Boulevard Suite 700
Coral Gables, FL 33134

      SERVE:
      Corporate Creations Network Inc.
      801 North US Highway 1
      North Palm Beach, FL 33408

~and~

**RYDER TRUCK RENTAL, INC.**
2333 Ponce de Leon Boulevard Suite 700
Coral Gables, FL 33134

      SERVE:
      Corporate Creations Network Inc.
      801 North US Highway 1
      North Palm Beach, FL 33408

~and~

**CLEAN HARBORS ENVIRONMENTAL
SERVICES, INC.**
42 Longwater Drive
Norwell, MA 02061

Case No.:   2025-CAB-000529

SERVE:
CT Corporation System
155 Federal Street Suite 700
Boston, MA 02110

                Defendants.

## COMPLAINT

**COMES NOW**, Plaintiff Mary Lynne Vetrano, by and through the undersigned counsel, and files this complaint, and for this cause of action states:

### JURISDICTION

1.      Jurisdiction of this court is invoked pursuant to D.C. Code § 11-921, and by virtue of the fact that all acts and omissions complained of occurred within the District of Columbia.

2.      Venue in this court is proper since the cause of action arose in the District of Columbia.

### PARTIES

3.      Plaintiff Mary Lynne Vetrano is and, at all times relevant hereto, was an adult resident of the State of New Jersey.

4.      Upon information and belief, Defendant James Martin is and, at all times relevant hereto, was an adult resident of the State of Maryland.

5.      Upon information and belief, Defendants Ryder System, Inc., and Ryder Truck Rental, Inc. are corporations organized under the laws of Florida and maintain agents, owns property, transacts business, travels upon roads, and/or acts as commercial carriers in the District of Columbia.

6.      Upon information and belief, Defendant Clean Harbors Environmental Services Inc., is a corporation organized under the laws of Massachusetts and maintain agents, owns

2

property, transacts business, travels upon roads, and/or acts as a commercial carrier in the District of Columbia.

## **BACKGROUND**

7.      On January 31, 2023, Defendant James Martin was operating a commercial box truck vehicle owned by Defendants Ryder System, Inc., Ryder Truck Rental, Inc., and Clean Harbors Environmental Services, Inc. while traveling in the District of Columbia.

8.      Upon information and belief, and at all times relevant hereto, Defendant James was operating the commercial vehicle under Defendants Ryder System, Inc., Ryder Truck Rental, Inc., and Clean Harbors Environmental Services, Inc.'s authority and within the scope of his employment for Defendant Clean Harbors Environmental Services, Inc.

9.      At the same place and time above, Plaintiff was lawfully stopped behind Defendant James Martin.

10.     Unbeknownst to Plaintiff, Defendant James Martin improperly shifted his box truck in reverse and proceeded to crash the rear of his truck into the front end of Plaintiff's vehicle.

11.     Upon information and belief, Defendants Martin, Ryder System, Inc., Ryder Truck Rental, Inc., and Clean Harbors Environmental Services, Inc. did not take adequate steps to ensure that their drivers are safe and reasonably prudent drivers.

12.     Had Defendants Martin, Ryder System, Inc., Ryder Truck Rental, Inc., and Clean Harbors Environmental Services, Inc., who were required to provide the highest degree of care in their capacities as common carriers, taken appropriate and reasonable steps to evaluate Defendant James Martin, they would have learned that he presented an unsafe risk to the public at large and specifically to the Plaintiff.

13.     Plaintiff's vehicle was deemed a total loss a result of the collision.

3

## COUNT I
### (Negligence)

14.     Each of the preceding paragraphs is incorporated by reference herein.

15.     Defendant James Martin -- and thereby Defendants Ryder System, Inc., Ryder

Truck Rental, Inc, and Clean Harbors Environmental Services, Inc. -- was negligent in his duties

including, but not limited to the following:

> a. Failing to operate his vehicle at a safe rate of speed;
> b. Failing to stop his vehicle in a reasonable manner;
> c. Failing to ensure there were no vehicles behind him before reversing;
> d. Failing to abide by traffic laws;
> e. Failing to avoid a collision;
> f. Negligence per se or as a matter of law; and
> g. Being otherwise negligent/grossly negligent.

16.     Plaintiff also relies on res ipsa loquitur.

17.     Defendants Ryder System, Inc., Ryder Truck Rental, Inc., and Clean Harbor

Environmental Services, Inc. are responsible for the negligence of their agent, Defendant James

Martin, under a theory of respondeat superior.

18.     As a direct and proximate result of the negligence of Defendants James Martin,

Ryder System, Inc., Ryder Truck Rental, Inc, Clean Harbors Environmental Services, Inc., and

their employees/agents, Plaintiff sustained serious and disabling damage to her body; she has in

the past and will in the future incur medical, healthcare, and other expenses; she suffered and will

continue to suffer pain, suffering, emotional distress, embarrassment, humiliation, and

disfigurement, all of which is permanent.

## COUNT II
### (Negligence, Common Carrier)

19.     Each of the preceding paragraphs is incorporated by reference herein.

4

20.    Defendant James Martin -- and thereby Defendants Ryder System, Inc., Ryder Truck Rental, Inc., and Clean Harbors Environmental Services, Inc. -- had a duty of care to maintain the operation of his motor vehicle in the highest degree of care as a common carrier.

21.    Defendant James Martin was negligent in his duties including, but not limited to the following:

      a.  Failing to operate his vehicle at a safe rate of speed;
      b.  Failing to stop his vehicle in a reasonable manner;
      c.  Failing to ensure there were no vehicles behind him before reversing;
      d.  Failing to abide by traffic laws;
      e.  Failing to avoid a collision;
      f.  Negligence per se or as a matter of law; and
      g.  Being otherwise negligent/grossly negligent.

22.    As a direct and proximate result of the negligence of Defendants James Martin, Ryder System, Inc., Ryder Truck Rental, Inc, Clean Harbors Environmental Services, Inc., and their employees/agents, Plaintiff sustained serious and disabling damage to her body; she has in the past and will in the future incur medical, healthcare, and other expenses; she suffered and will continue to suffer pain, suffering, emotional distress, embarrassment, humiliation, and disfigurement, all of which is permanent.

23.    Defendants Ryder System, Inc., Ryder Truck Rental, Inc., and Clean Harbors Environmental Services, Inc., are responsible for the negligence of their agent, Defendant James Martin, under a theory of respondeat superior.

## COUNT III
### (Negligent Retention, Entrustment, and Supervision for Ryder Defendants)

24.    Each of the preceding paragraphs is incorporated by reference herein.

25.     Defendants Ryder System, Inc., Ryder Truck Rental, Inc, and Clean Harbors Environmental Services, Inc. owed Plaintiff a duty to use reasonable care in retaining, training, and supervising its drivers.

26.     Defendants Ryder System, Inc., Ryder Truck Rental, Inc., and Clean Harbors Environmental Services, Inc. breached the duty of care they owed Plaintiff by failing to exercise reasonable care in retaining, training, and supervising their agent, employee, and/or servant Defendant James Martin.

27.     As a direct and proximate result of the negligence of Defendants James Martin, Ryder System, Inc., Ryder Truck Rental, Inc, Clean Harbors Environmental Services, Inc., and their employees/agents, Plaintiff sustained serious and disabling damage to her body; she has in the past and will in the future incur medical, healthcare, and other expenses; she suffered and will continue to suffer pain, suffering, emotional distress, embarrassment, humiliation, and disfigurement, all of which is permanent.

**WHEREFORE**, Plaintiff Mary Lynne Vetrano demands judgement against Defendants in an amount to be determined at trial but believed to be in excess of one hundred thousand dollars ($100,000) in damages, plus the cost of this suit, and such other and further relief as this Court deems just and proper.

Respectfully submitted,

PAULSON & NACE, PLLC

_/s/ Christopher T. Nace_
Christopher T. Nace, Esq.
Bar No.: 977865
1025 Thomas Jefferson St., NW
Suite 810
Washington, DC 20007

202-463-1999 (Tel.)
202-223-6824 (Fax)
ctnace@paulsonandnace.com
*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff, by and through the undersigned counsel and pursuant to Rule 38 of the District of Columbia Rules of Civil Procedure, hereby demands trial by jury of all issues in this matter.

_/s/ Christopher T. Nace_
Christopher T. Nace, Esq.